UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

OWEN HARTY, Individually,

          Plaintiff,

   -against-                   Case No. 11-cv-

GREENWICH HOSPITALITY GROUP,
LLC d/b/a HAMPTON INN AND
SUITES

          Defendant.
_____

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, OWEN HARTY, Individually, on his behalf and on behalf of all other individuals similarly situated, ("Plaintiff" or "Harty"), hereby sues the Defendant, GREENWICH HOSPITALITY GROUP, LLC d/b/a HAMPTON INN AND SUITES ("Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA").

## Jurisdiction and Venue

1. Plaintiff is a Florida resident, lives in Broward County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA.

Plaintiff is mobility impaired and is bound to ambulate in a scooter or with other assistive devices.

2. Defendant is the owner of real property located at 26 Mill River Street, Stamford, CT 06902 (the "Property") at which the Defendant owns and operates the Hampton Inn and Suites a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

3. Venue is properly located in District of Connecticut because venue lies in the judicial district of property *situs*. The Defendant's Property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants violations of American with Disabilities Act, 42 U.S.C. . § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

## RELEVANT FACTS

5. Plaintiff has visited the Property and plans to return to the Property to avail himself of the goods and services offered to the public at the Property, and to determine whether the Property has been made ADA compliant.

6. The Plaintiff encountered architectural barriers at the Property which discriminate against him on the basis of his disability and have endangered his safety. These barriers also prevent Plaintiff from returning to the Property to enjoy the goods and services available to the public. Plaintiff is also a tester for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

7. A preliminary inspection of the Property has shown that violations exist. These violations include, but are not limited to:

(a) insufficient number of required accessible parking spaces;

(b) non-compliant curb crossings;

(c) lack of any compliant, accessible route from the disabled parking spaces to the entrance of the facility;

(d) accessible rooms lack compliant tubs;

(e) accessible rooms are equipped with roll-in showers which are non-compliant;

(f) accessible guest room toilets lack compliant grab bars;

(g) lack of latch-side clearance to exit the guest room;

(h) Defendant fails to implement a policy and procedure to maintain the required maneuvering spaces free of obstructions;

(i) inaccessible guest room sink;

(j)  pipes under the sink are not wrapped;

(k) amenities and controls in the guest rooms are inaccessible;

(l)  lack of required maneuvering space in the disabled guest rooms;

(m) inaccessible furniture and desks in guest rooms;

(n)  guest registration counter is too high and therefore inaccessible;

(o)  the restaurant/bar area is inaccessible;

(p)  there are changes in level lacking compliant ramps;

(q)  non-compliant common area restroom;

`(r)  disabled parking spaces are non-compliant.

## **COUNT I**

8. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

9. Plaintiff is deterred from, and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's Property equal to that afforded to other individuals.  Plaintiff is aware that it would be a futile

gesture to attempt to visit Defendant's Property if he wishes to do so free of discrimination.

10.   Defendant, as owner and operator of the Property, owns, leases, leases to others, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as: Hampton Inn & Suites at 26 Mill River Street, Stamford, CT 06902.

11.   Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this Property as described but not necessarily limited to the allegations in paragraph 7 of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Plaintiff desires to visit not only to avail himself of the goods and services available at the Property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject Property, as prohibited by 42 U.S.C. § 12182 *et seq*.

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. The discriminatory violations described in paragraph 7 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine and assess all of the areas of non-compliance with the Americans with Disabilities Act and to establish evidence thereof, including taking of photographs and measurements with respect to discriminatory violations and barriers to access.

15. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and

have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

16. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.

17. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.


18. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January

26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

    21. Pursuant to 42 U.S.C. § 12188, this Court is authorized to grant Plaintiff Injunctive and other equitable relief, including an order requiring Defendant to alter the Property and to make the facilities operated thereon readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or ordering the premises to be closed to the public until such time as the Defendant cures its ADA violations.

    **WHEREFORE,** Plaintiff respectfully requests:

a. A Declaratory Judgment that determines that the Defendant, at the commencement of this action, is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

b. Injunctive relief against the Defendant including an Order

    (i) requiring the Defendant to make all readily achievable alterations to the Property and to the facility operated thereon so that the Property and such facility are made readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

    (ii) requiring the Defendant to make reasonable modifications in policies, practices or procedures as are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities;

    (iii) requiring the Defendant to take such steps as are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; and

    (iv) prohibiting the Defendant from perpetuating any acts and practices which result in the exclusion, denial of service to or discriminary treatment of individuals with disabilities.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted and Dated:
Bridgeport, CT, October 28, 2011

                          SUSAN SCHNEIDERMAN, ESQ

10

Of Counsel to Thomas B. Bacon, P.A
*Attorneys for Plaintiff*

By:_____
      Susan Schneiderman (CT28502)
496 W. McKinley Ave
Bridgeport, CT 06604
203-570-4290 (ph)
866-569-3334 (fx)
sschneiderman@optonline.net

Thomas B. Bacon, P.A.
4868 S.W. 103rd Ave.
Cooper City, FL 33328
954-478-7811