UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

OWEN HARTY,
  plaintiff,

v.

                    Civil no. 3:11CV1759(AVC)

GREENWICH HOSPITALITY GROUP,
LLC d/b/a HAMPTON INN AND
SUITES,
  defendant.

## RULING ON MOTION TO DISMISS

This is an action brought pursuant to the Americans with Disabilities Act ("ADA") in which the plaintiff, Owen Harty, alleges that the defendant's Hampton Inn located in Stamford, Connecticut, discriminated against him by failing to conform its facility to the requirements of the ADA. The defendant, the Greenwich Hospitality Group d/b/a Hampton Inn and Suites (hereinafter "Hampton"), has filed a motion to dismiss the complaint, arguing that Harty lacks standing to bring this action. For the reasons that follow, the court concludes that Harty does not have standing and, therefore, the defendant's motion to dismiss is granted.

### FACTS

Examination of the complaint reveals the following facts: The plaintiff, Hardy, is a Florida resident. He has impaired mobility and, therefore "is bound to ambulate in a scooter or with other assistive devices." He qualifies as an individual

with a disability under the ADA.  The defendant, Hampton, owns the Hampton Inn and Suites, a public accommodation located in Stamford, Connecticut.  On a visit to Hampton's Stamford property, Harty "encountered architectural barriers at the Property which discriminate against him on the basis of his disability and have endangered his safety."  The complaint lists eighteen violations of the ADA.  Because of these violations, Harty is not able to return to the property to enjoy its goods and services.  Harty "is a tester for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA."  He states that he plans to return to the defendant's property.

## STANDARD

A court must grant a motion to dismiss brought pursuant to Federal rule of Civil Procedure 12(b)(1) where a plaintiff has failed to establish subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1); Mararova v. United States, 201 F.3d 110 (2d Cir. 2000).  In analyzing a motion to dismiss pursuant to rule 12(b)(1), the court must accept all well pleaded factual allegations as true and must draw inferences in favor of the plaintiff.  Merritt v. Shuttlr, Inc., 245 F.3d 182, 186 (2d Cir. 2001).  In Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992), the Supreme Court recognized that the doctrine of standing is an

essential part of Article III's "case or controversy" requirement. Id. at 560. Where a defendant challenges the district court's subject matter jurisdiction, the court may resolve disputed factual issues by reference to evidence outside the pleadings, such as affidavits.

## DISCUSSION

Hampton argues that Harty does not have standing to bring this action. Specifically, Hampton states that Harty has presented no proof that he intends to return to Hampton's Connecticut property and he has only visited the property on one occasion. Although Harty maintains that he has family in New York and visits the area regularly, Hampton states that Harty has no direct connection with Stamford, Connecticut or concrete plans to return there. Hampton states that Harty's status as a "tester" for ADA violations does not automatically confer standing and that he must establish a threat of future, imminent harm.

Harty responds that he used to reside in Nyack, New York and he still travels to that area several times per year to visit family and attend gun shows. When he travels to New York, he stays in the area, which includes Stamford, Connecticut. Harty states that he planned to return again in June, 2012, and that he would visit the defendant's Hampton Inn if it was compliant. Specifically, Harty states as follows:

3

> I frequently visit Connecticut as part of my travels to Nyack. Since the late 1980s, I have been in the Stamford Connecticut area approximately 20 times or more. I frequently shop in the area and travel around. The hotels in the Stamford area are close enough to my home that they serve as a place for me to stay over when I visit my family. My next planned trip is in June 2012 to visit my family and friends again. During that trip, I will be traveling to Stamford to do some more shopping. When I visit the area, I need a hotel to stay in overnight.

In addition, Harty argues that the "concrete plan" and "proximity" tests are too narrow and not in keeping with the intent of the ADA. He states that the ADA should be interpreted broadly because it is primarily enforced by individual litigants acting as private attorneys general. Harty argues that his injury includes the deprivation of an equal opportunity and segregation, which are not only actual and imminent, but also ongoing and continuous. Finally, Harty states that he has standing as an ADA "tester."

Hampton replies that Harty's affidavit is insufficient to establish standing because it is vague and uses descriptions like "surrounding area" and "the area" without setting forth any concrete or particularized plans. Hampton states that Harty must demonstrate a plan to return with reasonable specificity and that any loss of opportunity he suffered "does not trump" constitutional standing requirements. In addition, Hampton argues that the second circuit has not recognized "tester" status, in and of itself, to be sufficient for purposes of

4

establishing standing and that the courts have not found the applicable standing tests to be discriminatory.

In a sur-reply, Harty cites additional authority from the fourth circuit, recognizing a lower standing threshold for ADA plaintiffs.

In order to establish standing pursuant to Article III, a plaintiff must show (1) an "'injury in fact' . . . which is (a) concrete and particularized . . . and (b) 'actual or imminent, not 'conjectural' or 'hypothetical,''" (2) "there must be a causal connection between the injury and the conduct complained of . . ." and (3) it must be 'likely,' as opposed to merely 'speculative' that the injury will be 'redressed by a favorable decision.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal citations omitted). "A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." Deshawn E. ex rel. Charlotte E. v. Safir, 156 F.3d 340, 344 (2d Cir 1998). In addition, the second circuit has recognized that an ADA plaintiff must allege the following: (1) that the plaintiff alleged past injury under the ADA; (2) that "it is reasonable to infer from [the] complaint that this discriminatory treatment will continue; and (3) it is also reasonable to infer, based on the past frequency of [his] visits and the proximity of

5

defendant['s facility] to [his] home, that [the plaintiff] intends to return to [this facility] in the future." Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008). Courts have recognized that an ADA plaintiff must show a "plausible" intent to return to the cite of the violations. Harty v. Simon Property Group, 428 Fed. Appx 69, 2011 WL 2559227, *2 (2d Cir. 2011); Access 4 All, Inc. v. G & T Consulting Company, LLC, 2008 WL 851918, *4 (S.D.N.Y. 2008). "In order to be 'plausible,' a plaintiff's intent to return to the place of the purported violation must also be demonstrated with reasonable specificity; speculative ''some day'' intentions' to return are insufficient." Access 4 All, 2008 WL 851918 at *4 (citing Defenders of Wildlife, 504 U.S. 555, 564 (1992)). In order to determine plausibility, courts have considered, "'(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant.'" Access 4 All, 2008 WL 851918 at *8 (citing D'lil v. Best Western Encina Lodge & Suites, 415 F. Supp.2d 1048, 1053 (S.D.N.Y. 2006)).

In Access 4 All, 2008 WL 851918 (S.D.N.Y. 2008), the court concluded that the individual plaintiff had been to the mall in question in the past and had "definite plans to return."

6

y

Although the plaintiff in that case did not live near the mall in question, in his affidavit, he stated that he "frequently" traveled on the road that passed in front of the mall and used several stores in the vicinity. He stated that he intended to visit the mall again and patronize its stores.

In Harty v. Simon Property Group, 428 Fed. Appx. 69, 2011 WL2559227 (2d Cir. 2011), the second circuit, in a case involving the instant plaintiff, concluded that the complaint sufficiently pled standing. In that case, involving a mall in Nanuet, New York, the court concluded that the plaintiff had demonstrated "a plausible intention to return to the Nanuet Mall." Id. at *1 Harty submitted an affidavit in which he stated that he "'teach[es] courses in weapons handling and safety' for which he 'travel[s] nationwide and visit[s] gun shows throughout the country,' and that, as a former resident of New York, he 'return[s] to the area quite often to visit family who still reside there.'" Id. at *2. The court concluded that Harty "avows a present intention to return to the Nanuet Mall, an act that depends only upon his own volition, and the likelihood of which finds some support in professional and family reasons." Id.

In Camarillo v. Carrols Corp., 518 F.3d 153 (2d Cir. 2008), the court concluded that the plaintiff had standing, "at least at this stage in the litigation, because: (1) she has alleged

7

past injury under the ADA . . . ; (2) it is reasonable to infer from her complaint that this discriminatory treatment will continue; and (3) it is also reasonable to infer, based on the past frequency of her visits and the proximity of defendants' restaurants to her home, that Camarillo intends to return to these restaurants in the future." Id. at 158.

In the present case, the applicable factors support the conclusion that Harty does not have standing in this case. First, Harty resides in Florida and not in the vicinity of the defendant's establishment in Stamford, Connecticut. Second, Harty states that he visited the Hampton Inn in question once in the past. Third, although Harty states that he had plans to return in July of this year, his plans were to return to the "area." He does not specifically define the "area" other than to make reference to the city of Stamford and his former residence in Nyack, New York. Unlike in Harty v. Simon Property Group, 428 Fed. Appx. 69, 2011 WL2559227 (2d Cir. 2011), Harty does not state a basis for returning to the precise location of the Hampton Inn in question. In Harty v. Simon Property Group, the plaintiff stated his intent to return to his former home town to visit family. The defendant mall that he planned to visit was in a neighboring city in New York. In the present case, however, the defendant's Hampton Inn is located in Stamford, Connecticut, while Harty's former residence and family

are located in Nyack, New York.  Although Harty states that he intends to shop in Stamford, his statements are not sufficient to provide a basis for standing here.  Finally, with respect to the frequency of his visits, Harty states that he has visited the area twenty times since 1980.  Therefore, over a thirty two year period of time, Harty has visited "the area" less than once per year.  He does not specify the number of times he visited Stamford, Connecticut, in particular, during those former trips.  Harty's statements do not establish that he visits the immediate vacinity of the defendant's inn with sufficient regularity or frequency to warrant his standing in this case.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss (**document no. 16**) is granted.

It is so ordered this 31st day of October, 2012, at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ
Alfred V. Covello,
United States District Judge