# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand thirteen.

PRESENT:

>   JON O. NEWMAN,
>   ROSEMARY S. POOLER,
>   DEBRA ANN LIVINGSTON,

>       *Circuit Judges.*

_____

OWEN HARTY,

>       *Plaintiff-Appellant*,

-v.-                                    No. 12-4687-cv

GREENWICH HOSPITALITY GROUP, LLC, D/B/A HAMPTON INN & SUITES,

>       *Defendant-Appellee.*

_____

1

MANDATE ISSUED ON 11/18/2013

JOHN F. WARD, John F. Ward, PLLC, Royersford, PA (Thomas B. Bacon, P.A., Cooper City, FL, *on the brief*), *for Plaintiff-Appellant*.

JOHN B. FARLEY (Joshua Auxier, *on the brief*), Halloran & Sage LLP, Hartford, CT, *for Defendant-Appellee*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment and order of the District Court is **AFFIRMED**.

Owen Harty appeals from a judgment and order of the United States District Court for the District of Connecticut (Covello, *J*.) dated October 31, 2012 dismissing his claim under Title III of the Americans with Disabilities Act (ADA). 42 U.S.C. § 12181 *et seq*. Harty claims the district court erred in dismissing his complaint for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1). We disagree. We assume the parties' familiarity with the facts and procedural history.

On appeal from a dismissal pursuant to FED. R. CIV. P. 12(b)(1), "we review factual findings for clear error and legal conclusions *de novo*." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To establish standing, a plaintiff must demonstrate (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) "a causal connection between the injury and the conduct complained of," and (3) redressability of the injury by a

favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-65 (1992). A plaintiff seeking injunctive relief cannot rely on past injury to satisfy the injury requirement, but must show a likelihood that he or she will be injured in the future. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983); *Deshawn E. ex rel. Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998). In the ADA context, we have previously found standing where a plaintiff (1) alleges past injury under the ADA, (2) shows that it is reasonable to infer from his or her complaint that the discriminatory treatment will continue, and (3) shows that it is reasonable to infer that he or she "intend[s] to return to [the public accommodation]." *Kreisler v. Second Ave. Diner Corp.*, 2013 WL 5340465, No. 12-4093-cv, at * 2 (2d Cir. Sept. 25, 2013) (per curiam).

We conclude that Harty has failed adequately to demonstrate a basis for inferring that he will return to Stamford, Connecticut for an overnight stay.[1] Harty, a Florida resident, claims that he often visits his family in Nyack, New York, a short

---

[1] Harty argues that it would be a "futile gesture to stay at the [Hampton Inn] unless [he is] willing to suffer discrimination." At oral argument, his attorney asserted that under our recent decision in *Kreisler v. Second Ave. Diner Corp.*, such deterrence is a cognizable injury under the ADA. *Kreisler*, 2013 WL at *2. Assuming, *arguendo*, that under *Kreisler*, Harty does not need to demonstrate an intention to return to the Hampton Inn in Stamford, Connecticut, but rather must allege that he is deterred from staying there, his complaint and affidavit must still give rise to "a reasonable inference that he would frequent [the Inn] were the violation remedied" *Id*. at *3 -- an inference that we conclude cannot be drawn.

distance from Stamford, Connecticut. Despite dozens of trips to Nyack over the last thirty years, however, Harty specifies only a single occasion on which he stayed overnight in Stamford -- namely, the occasion giving rise to his complaint. While he asserts that he frequently visits Connecticut as part of his travels to Nyack, moreover, Harty's complaint does not evidence any concrete plan to stay overnight in Stamford in the future.

Further, Harty's assertion that he "constantly travel[s] nationwide and visit[s] gun shows throughout the country" lacks the specificity necessary to establish an ongoing injury caused by the Stamford Hampton Inn's alleged ADA violations. In particular, this claim establishes that Harty travels frequently, but not that he has any present intentions to travel to Stamford for an overnight visit. Harty's assertion that he visits public accommodations as an ADA "tester" is similarly unavailing as it too lacks the requisite link to Stamford, Connecticut.

We have reviewed Harty's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit